**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION**

**ANGELA J. BREWER,**

    **Plaintiff,**

                                                                                      **Case No. 2:19-cv-5200**

**v.**                                                                                 **Judge Edmund A. Sargus, Jr.**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

This case is before the Court for consideration of the Plaintiff's Objection (Doc. 18) to the Report and Recommendation of the Magistrate Judge proposing that the Commissioner's denial of benefits be affirmed (Doc. 17), and the Commissioner's Response to Plaintiff's Objection (Doc. 19). For the reasons that follow, the Court **GRANTS** the objections of the Plaintiff and remands this case for further consideration consistent with this opinion.

**I.**

The standards by which this court reviews a decision of the Commissioner are well set forth in the law. A District Court "must affirm the Commissioner's decision if it "is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2007) (quoting *Rogers v. Comm'r Soc. Sec.*, 486 F 3d 234, 241 (6th Cir. 2007). Even if the decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where [the Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives a claimant of a substantial right." *Bowen v. Comm'r Soc. Sec.*, 478 F. 3d 742, 746 (6th Cir. 2007).

This case involves a decision in which the administrative law judge rejected the opinions of Dr. Michael Zimmerer, who diagnosed the Plaintiff with fibromyalgia, a condition he opined prevented her from gainful employment. (R. 288-289.) Dr. Zimmerer has been the Plaintiff's treating physician since 2016. Federal law includes special considerations for the opinions of a treating physician, "since these are likely to be the medical professionals most able to provide a detailed, longitudinal picture of medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." 20 C.F.R. 416.927(d)(2).

Additionally, in rejecting the opinions of a treating physician, the administrative law judge must "always give good reasons in the notice of determination or decision for the weight give[n] your treating source's opinion." 20 C.F.R. 416.927(d)(2). Finally, in rejecting the treating physician's opinions, the administrative law judge "must apply certain factors—namely, the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source---in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004).

## II.

The Plaintiff, Angela Brewer, suffers from a number of physical and mental impairments, including migraine headaches, depression, anxiety, gastroesophageal reflux disease, irritable bowel syndrome, left axilla lymphadenopathy, breast cyst, menorrhagia, pulmonary nodule, Raynaud syndrome and urinary tract infections. The administrative law judge found, with substantial evidence in support, that none of these conditions alone or in combination rendered her disabled. (R. 4, 11). This Court agrees with those conclusions.

The Plaintiff also suffers from fibromyalgia, as treated and diagnosed by her treating physician, Dr. Zimmerer. Through the years of progress notes, Dr. Zimmerer described her condition as severe fibromyalgia. (R. 288-89.) He used the same description in the disability questionnaire he submitted in this case. *Id*. He also wrote that "she is disabled and it appears permanent." (R. 290.) Additionally, he wrote that "she gets significant exacerbation of her discomfort with mild or moderate activity." (R. 307.) She "has not responded to various medications including gabapentin, Lyrica, Cymbalta and other products." (R. 300.) Finally, he noted in his most recent treatment records that: "She is unable to do even sedentary activity due to severe diffuse myalgias. Small simple tasks increase her pain. She would be unable to do even sedentary job activities." (R. 412.)

Two non-treating physicians retained by the Commissioner offered opinions as to the Plaintiff's fibromyalgia. Both agreed that the Plaintiff suffered from fibromyalgia. Dr. Leon Hughes offered that the plaintiff could do most physical tasks such as lifting up to ten pounds frequently, standing, walking and sitting. (R. 100-01). Dr. Venkatachala Sreenivas reviewed the medical records and reached similar conclusion to those of Dr. Hughes. (R. 149-51.)

In summary, all of the physicians of record opined that the Plaintiff has fibromyalgia. The treating physician opined that the condition was severe and disabling. The other two concluded that the Plaintiff retained a substantial residual functional capacity enabling her to work in a substantial number of jobs.

The administrative law judge is tasked with reconciling and deciding the difficult issue of whether the Plaintiff is capable of gainful employment. The administrative law judge addressed the issue as follows:

The opinions of the claimant's physical therapist and primary care physician are entitled to no weight in assessing her physical functional limitations, restrictions, and residual functional capacity as of the alleged onset date of disability (Exhibits 1F/2, 2F/3, 13, 2;9, and 35, and 8F/16). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which does not document complaints of headaches prior to November 2017 (Exhibit 8F/11). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which documents that the claimant's headaches were noted as not intractable in May 2018 (Exhibit 8F/8). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which documents that the claimant does not experience chronic edema (Exhibits 2F/6, 9, 12, 20, 23, 26, 29, and 32, 3F/4, 4F/4, and 8F/3, 9, 11, 14-15, 17, 19, and 23). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which documents that the claimant had negative and normal diagnostic imaging results of her cervical and lumbar spine (Exhibits 2F/53-54 and 67, and 7F/3 and 5). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which documents that the claimant repeatedly had full range of motion of her back (Exhibits 2F/6, 12, 20, 23, 29, and 32 and 8F/9. 11, 15, 17, and 23). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above, which documents that the claimant has normal gait with no ambulatory aid usage noted or reported (Exhibits 5F/5, 8F/23, and 5E/6). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant has normal coordination, range of motion, reflexes, strength, and tone, of her extremities (Exhibits 2F/6, 23 and 23, and 8F/23). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant smokes cigarettes, which requires significant usage of the fingers and hands (Exhibits 2F/4, 5F/2, and 8F/22). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant performs grooming, hygiene, and personal activities such as bathing, caring for her hair, dressing, feeding herself, shaving, and using the toilet independently on a daily basis, and without reminders (Exhibits 5F/3 and 5E/1-3). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant regularly consumes and prepares meals, and performs household chores and cleaning (Exhibits 5F/4 and 5E/1-2). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant provides food and water for pets (Exhibit 5E/1). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant has a driver's license, and she drives to places she needs to go (Exhibits 5F/2 and 4, and 5E/3). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant uses

telephones (Exhibits 1E/2 and 5E/4). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents that the claimant stated that prescribed medical is effective in ameliorating her physical impairments and related pain complaints (Exhibits 2F/6 and 8F/18). These opinions are inconsistent with and unsupported by the totality of the evidence, as discussed above which documents non-compliance with prescribed medication (Exhibit 2F/17), which would not be expected if the claimant's physical impairments and related symptoms are as severe as she purports as of the alleged onset date of disability. This evidence does not reasonably support further restriction in the claimant's residual functional capacity and could support a determination that she is less physically limited than set forth above as of the alleged onset date of disability. Accordingly, the opinions of the claimant's physical therapist and primary care physician are entitled to no weight in assessing her physical functional limitations, restrictions, and residual functional capacity as of the alleged onset date of disability.

(R. at 43-44.)

The administrative law judge dismissed the opinion of the treating physician as "entitled to no weight." Dr. Zimmerer's conclusions and treatment records were repeatedly described as "inconsistent and unsupported by the totality of the record" no fewer than fifteen times in a single, albeit lengthy paragraph.

The claimed inconsistencies include (1) lack of documentation for headaches; (2) lack of documentation for chronic edema; (3) negative imaging of the cervical and lumbar spine; (3) range of motion of the back; (4) normal gait with no ambulatory aid; (5) normal coordination, range of motion and reflexes; (6) normal personal hygiene; (7) preparation of meals and occasional house cleaning; (8) providing of food and water for pets; (9) occasional driving of a car; (10) use of a telephone: (11) effectiveness of medications to lessen her pain.

In the Court's view, this analysis does not satisfy the good reason rule required before rejecting the opinions of a treating physician. First, Dr. Zimmerer's diagnosis of fibromyalgia was the same conclusion reached by all medical reporters in this case. No mention is made of this consistency. Second, to the extent the same doctors disagreed as to the Plaintiff's residual

11

functional capacity, the administrative law judge is required to provide a reasoned and reviewable explanation of why certain opinions were more persuasive than that of the treating physician. The conclusions reached here were summary and unexplained. The various physical limitations found by the physicians were not compared with and contrasted to the medical evidence of record. There is no explanation of why a particular doctor's findings were more persuasive than that of the treating physician.

Finally, much of the analysis failed to consider SSR 12-2P, Evaluation of Fibromyalgia, Social Security Administration, Policy Interpretation Ruling, which provides guidance as to this "complex medical condition." The issue in this case is not whether the Plaintiff has acquired fibromyalgia. All doctors of record agree that she has. The Ruling describes the condition as "a history of widespread pain," which "may fluctuate in intensity and may not always be present." *Id.*, (A)(2). The condition is not diagnosable through imaging of the neck or back, is unrelated to chronic edema, does not require an ambulatory aide, and does not necessarily affect coordination, all of which were cited as findings inconsistent with Dr. Zimmerer's finding. *Id*.

Whether Dr. Zimmerer's conclusions should be accepted is not for this Court to decide. This Court reviews the process and ensures that decisions are supported by substantial evidence and in accord with the law.

Based upon the foregoing, the Objection is sustained and this case is **REMANDED** to the Commissioner for a reevaluation of medical evidence in this case.

IT IS SO ORDERED.

Date: 3/24/2021   s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR., JUDGE**  
**UNITED STATES DISTRICT COURT**

11